**Samuel M. LEVINE, Plaintiff–Appellant,**

v.

**Edward McCABE and Jonathan Lippman, Defendants–Appellees.**

**No. 08–0296–cv.**

United States Court of Appeals, Second Circuit.

June 26, 2009.

Thomas Liotti, Garden City, NY (Samuel M. Levine, pro se, on the brief), for Appellant.

David Lawrence, III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Michael Colodner, Counsel, Office of Court Administration, and John J. Sullivan, Assistant Deputy Counsel, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Samuel M. Levine served as an elected Judge of the Nassau County District Court from 1997 until 1999, when he retired pursuant to a provision of New York's constitution mandating retirement at age seventy for judicial officers. *See* N.Y. Const. Art. VI, § 25(b). Following his mandatory retirement, plaintiff applied on several occasions to become a Judicial Hearing Officer, which requires an appointment at the discretion of the Chief Administrative Judge of New York's courts. *See* N.Y. Judiciary Law § 850 (2009); 22 N.Y. Comp. Codes R. & Regs. tit. 22 § 122.2 (2009). After his applications were denied, plaintiff sued former Nassau County Administrative Judge Ed-

ward McCabe and then-Chief Administrative Judge (now Chief Judge) Jonathan Lippman under 42 U.S.C. § 1983, alleging violations of his rights to free speech, equal protection of the laws, and due process of law under the First and Fourteenth Amendments. Plaintiff also alleged, under several federal and state statutes, that he was the victim of impermissible discrimination on the basis of his age. In orders filed on February 23, 2005, September 19, 2006, and December 17, 2007, the District Court dismissed in part and granted summary judgment in part, resulting in judgment for defendants. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, construing all facts in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We also review *de novo* a district court's dismissal of claims pursuant to Rule 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002).

In this appeal, we have reviewed all of plaintiff's claims and affirm for substantially the reasons stated in the District Court's careful and comprehensive orders of February 23, 2005, September 19, 2006, and December 17, 2007. *See Levine v. McCabe,* No. 03–CV–6420, 2007 WL 4441226, 2007 U.S. Dist. LEXIS 92381 (E.D.N.Y. Dec. 17, 2007); *Levine v. McCabe,* No. 03–CV–6420, 2006 U.S. Dist. LEXIS 66940 (E.D.N.Y. Sept. 19, 2006); *Levine v. McCabe,* 357 F.Supp.2d 608 (E.D.N.Y.2005).

## CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be unavailing. Accordingly, we **AFFIRM** the judgment of the District Court.